UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

PAULINO GRANDA,

    Petitioner,

v.

WARDEN GOMEZ,

    Respondent.

Civil Action No. 6:18-138-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Paulino Granda is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Granda filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. Granda already paid the $5.00 filing fee in another case, and it will be applied to this matter. *See Granda v. Ormond*, No. 6:17-cv-289-DLB (E.D. Ky. 2017). That said, for the reasons set forth below, the Court will deny Granda's petition.

In 2007, a jury convicted Granda of eight counts: (1) conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846; (2) attempted possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 846; (3) conspiracy to interfere with commerce by threats of violence, in violation of the Hobbs Act, 18 U.S.C. § 1951(a); (4) attempted interference with commerce by threats of violence, in violation of the Hobbs Act, 18 U.S.C. § 1951(a); (5) attempted carjacking, in violation of 18 U.S.C. § 2119; (6) conspiracy to carry a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(o); (7) carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A); and (8) being a felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1).[1] Granda was then sentenced to life in prison. Granda's direct appeal was subsequently dismissed, and his efforts to vacate his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful.

Granda has now filed a § 2241 petition with this Court. Granda's petition is lengthy and at times difficult to understand, but he appears to be arguing that this Court should vacate his seventh conviction because his Hobbs Act violations do not constitute valid predicate offenses for purposes of a § 924(c)(1)(A) conviction.

As an initial matter, Granda's § 2241 petition is an impermissible collateral attack on one of his convictions. While a federal prisoner may challenge the legality of his convictions through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). Likewise, Granda cannot use his § 2241 petition as a way of attacking his § 924(c)(1)(A) conviction.

Moreover, even if Granda could attack his conviction in his § 2241 petition, that petition appears to be based on an erroneous premise. Granda argues that his Hobbs Act violations were not "crimes of violence" and, thus, could not serve as valid predicate offenses for purposes of his § 924(c)(1)(A) conviction. However, the judgment in Granda's underlying criminal case indicates that he was convicted under § 924(c)(1)(A) of carrying a firearm "during a drug trafficking offense," not during a crime of violence. *See United States v. Paulino Granda*, No. 1:07-cr-20155-DMM at R. 259 (S.D. Fla. Sept. 24, 2007). In other words, it does not appear that either of Granda's Hobbs Act violations actually served as the predicate offense for his § 924(c)(1)(A) conviction. And even if Granda is correct and one of his Hobbs Act violations *did* serve as the predicate offense

---

[1] This procedural history comes from Granda's petition and attached documents at R. 1, as well as his underlying criminal case, *United States v. Paulino Granda*, No. 1:07-cr-20155-DMM (S.D. Fla. 2007).

for purposes of his § 924(c)(1)(A) conviction, the Sixth Circuit has repeatedly said that "Hobbs Act robbery *is* a crime of violence." *United States v. Robinson*, No. 17-5200, 2017 WL 4162299, *2 (6th Cir. Sept. 20, 2017) (emphasis added); *see also United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017). Thus, Granda's petition is clearly baseless.

Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of the Court is directed to apply the $5.00 filing fee paid by Granda in *Granda v. Ormond*, No. 6:17-cv-289-DLB at R. 5, to this case.

2. Granda's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding Judgment will be entered this date.

Dated May 1, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY